A. FORD HURSLEY v. THE AUDITOR GENERAL.

*Sheriffs—Fees—Conveyance of prisoner to Detroit House of Correction.*

The fees ʀ compensation of a sheriff for conveying to the place of confinement a female prisoner convicted under 3 How. Stat. § 9286, of keeping a house of ill fame, and sentenced under How. Stat. § 9864, to imprisonment in the Detroit House of Correction, are State charges, regardless of whether or not the county in which the conviction is had has a contract for the reception and retention of convicted persons in said house of correction.

*Mandamus.* Argued February 9, 1892. Granted March 4, 1892.

Relator applied for *mandamus* to compel respondent to audit and pay his bill for conveying a female prisoner to the Detroit House of Correction. The facts are stated in the opinion.

*Lawrence F. Bedford,* for relator.

*A. A. Ellis,* Attorney General, for the respondent.

McGRATH, J. This is an application for an order commanding respondent to audit and pay the bill of petitioner, who is sheriff of Chippewa county, for conveying a prisoner to the Detroit House of Correction. The prisoner was convicted under How. Stat. § 9286, as amended by Act No. 34, Laws of 1887, and was sentenced under section 9864.

· How. Stat. § 9850, empowers counties to agree with the city of Detroit for the reception and retention of convicted persons at the Detroit House of Correction.

Section 9851 provides that, in every county having such agreement, it shall be the duty of every court by

whom any person, for any crime or misdemeanor not punishable by imprisonment in the State prison, may be sentenced for any term not less than 60 days, to sentence such person to said house of correction.

Section 9852 makes it the duty of constables, sheriffs, or other officers to convey persons so sentenced to said house of correction, and provides that such officer—

"Shall be allowed such fees or compensation therefor as shall be prescribed or allowed by the board of supervisors for the County in which such person shall have been convicted."

Section 9853 provides that the inspectors of the State prison may contract with the city of Detroit for the confinement in said house of correction of persons convicted of State prison offenses, and thereupon male persons between the ages of 16 and 22 years, who shall be convicted of any State prison offense, murder and treason excepted, may, and every female who shall be convicted shall, be sentenced to said house of correction. Section 9854 provides that—

"It shall be the duty of the sheriff of any county within which any person shall be convicted and sentenced, as in the eleventh section [compiler's § 9853] of this act provided, to convey such person to the said house of correction, and deliver him or her to the superintendent thereof, for which such sheriff shall be paid the same fees and compensation allowed for conveying persons to the State prison."

Section 9864 provides that females convicted of any State prison offense, except murder, shall be sentenced to the Detroit House of Correction.

Section 9726 is as follows:

"The fees and actual expenses of sheriffs in conveying convicts to the State prison shall be made out in a bill containing the items thereof, and shall be presented to the warden when the prisoner is delivered at the prison. The warden shall certify on it that the prisoner has been received, and the bill, including the sheriff's actual expenses in returning to the county from whence the prisoner was sent, shall be audited by the Auditor General, and paid from the State treasury. Before drawing his warrant the Auditor General shall correct any errors in said bill, as to form, items, or amount; and the sheriff shall be paid for such services, his actual traveling expenses, and the expenses of the convict, and the sum of ($3.00) three dollars for each and every day so employed."

Sections 9850 to 9854, inclusive, are parts of the act, passed in 1861, to establish the Detroit House of Correction.

Section 9864 was added in 1867.

Section 9726 is a part of the act relating to the State prison, and was enacted in 1875. Prior to that time the statute provided (section 8112, Comp. Laws 1871) that—

"The fees and expenses of the sheriff in conveying convicts to the State prison shall be audited and allowed by the board of supervisors of the counties from which the convicts are sent."

Sections 9850 and 9851 were designed to enable counties to contract with the city of Detroit for the maintenance of such prisoners as under other provisions of law would be maintainable at county expense. Section 9864 is mandatory, but makes no provision for the maintenance of persons so sentenced. It cannot be contended that counties having a contract with the city of Detroit are chargeable with the expense of such maintenance, and that counties having no contract are not so chargeable. Such an interpretation would be unjust. The evident intent of the Legislature was that all persons sentenced under section 9864, as well as those sentenced under section 9853, should be State charges. Section 9852 has, therefore, no application to persons convicted under section 9864.

It will be observed that sections 9852 and 9854 are parts of the same original act, and that, while section 9852 expressly provides that the fees shall be paid by the county, section 9854 does not, in express terms, so provide, and it is by inference only that they are payable by counties. The only provision relating to the allowance of fees and compensation for the conveyance of persons to the State prison is that contained in the act relating to the State prison. This section 9854, in effect, provides that the sheriff shall be paid in the same manner that sheriffs are paid for conveying prisoners to the State

prison. The prisoners are State prisoners. The Detroit House of Correction is made, for their confinement, a State prison. The service rendered is, in either case, to the State, and with reference to a State charge; and it is not strange that the Legislature in the same act made separate provisions,—the one relating to a county charge, and the other relating to a State charge.

It seems to us, in view of these separate provisions, that the Legislature intended to class this service with that rendered by sheriffs in the conveyance of prisoners of like class to the State prison, rather than to avoid a repetition of the language of the section in the then existing State prison act; otherwise, there is no necessity for the two provisions, and no object in a reference to another act.

The writ must issue as prayed.

The other Justices concurred.